J^CHEHARDY, Judge.
In this workers’ compensation matter, after trial, the judge found that the claimant suffered a work-related injury. However, the judge also found that because the claimant made willful misrepresentations regarding a prior injury, he forfeited his right to receive workers’ compensation benefits. For the following reasons, we affirm.
On December 17, 1998, the claimant, Wilson Cole, filed a Disputed Claim for Compensation with the Office of Workers’ Compensation against his employer, Drainage District No. 9 of the Parish of Jefferson, alleging injuries to his back as a result of a work-related accident. The matter proceeded to trial on September 27, 1999. After taking the matter under submission, on November 3, 1999, the workers’ compensation judge rendered judgment, finding that the claimant was injured on August 7, 1995, as the result of a work-related accident. However, the judge further found that the claimant forfeited his right to receive workers’ compensation benefits “because of his willful misrepresentation of his prior back injury for the purpose of obtaining benefits or payments herein.”
The claimant has appealed, asserting that the workers’ compensation judge erred in finding that the claimant forfeited his benefits. Additionally, the defendant has |3answered the appeal, asserting that the workers’ compensation judge erred in determining that the claimant suffered a compensable, work-related injury.
With regards to the claimant’s assertions on appeal, La. R.S. 23:1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for forfeiture of benefits under R.S. 23:1208 are *531 that (1) there is a false statement or representation, (2) it is willfully , made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const Co., 94-2708 (La.9/5/95), 660 So.2d 7, 12. Further, it is well settled that the factual findings of a workers’ compensation judge may not be set aside unless those findings are clearly wrong in light of the record reviewed in its entirety. Martin v. Olsten Indus. Services, 98-0463 (La.9/18/98), 718 So.2d 404; citing Alexander v. Pellerin Marble, 93-1698 (La.1/14/94), 630 So.2d 706.
Upon review, we find sufficient evidence in the record that the claimant made repeated, willful, false statements for the purpose of obtaining benefits. During his July 13, 1999 deposition, relevant portions of which were admitted into evidence at trial, the claimant testified unequivocally that his August 7, 1995 job-related accident was the “first time I ever had back problems.” The claimant denied having “any other back injuries” and also denied going to any other doctor for any other back injury prior to August of 1995. The claimant further denied filing any prior claims for prior accidents or injuries.
At trial, the defendant-employer presented impeachment evidence of a' prior back injury for which the claimant filed a personal injury claim, in direct conflict with the ^claimant’s deposition testimony. The evidence submitted included the claimant’s medical records from Dr. Sofjan Lamid, who treated the claimant numerous times from August 3, 1992 through December 10, 1992, for back injuries the claimant sustained as a result of an automobile accident on July 18, 1992. Also admitted into evidence at trial was a release executed by the claimant on February 5, 1993, settling his personal injury claim against the tort-feasor in the referenced prior accident. Defendant also presented the claimant’s recent medical records wherein the claimant reported (both orally and in writing) no prior back injuries to the various physicians he saw after the August 7, 1995 accident.
When presented with this evidence during cross-examination at trial, the claimant’s explanations were that he either misunderstood the question or did not remember. After viewing the claimant’s testimony, the workers’ compensation judge found his explanations unpersuasive.
We are likewise not persuaded on appeal. The questions posed to the claimant during his deposition regarding prior back injuries were clear and direct. His responses were equally clear and unequivocal. Further, the evidence presented by the defendant-employer showed a pattern by the claimant of purposely not reporting his prior back injuries in this proceeding. Accordingly, the workers’ compensation judge was not clearly wrong in determining that the claimant had forfeited his right to benefits pursuant to La. R.S. 23:1208.
With regards to the defendant-employer’s answer to the appeal, we find that there was adequate proof presented at trial for the workers’ compensation judge to determine that the claimant suffered a work-related injury. Counsel for the'defendant stipulated at the commencement of trial that the claimant suffered a work-related accident on August 7, 1995. Additionally, there was sufficient, objective evidence of an injury to the claimant’s back as a result of the accident reported in his medical records, which were admitted at trial without objection. Based on this evidence, the judge’s factual finding 1 Kthat the claimant sustained a work-related injury was reasonable, not manifestly erroneous, and will likewise be affirmed.
Accordingly, for the foregoing reasons, the November 3, 1999 judgment of the workers’ compensation judge, finding that the claimant suffered a work-related injury, but forfeited his right to workers’ compensation benefits because of his willful misrepresentations, is hereby affirmed. *532 Costs of this appeal are assessed against the claimant.
AFFIRMED.