| .CARTER, C.J.
This is an appeal from a decision by a workers’ compensation judge that plaintiff, Talmadge Hayes, forfeited his entitlement to workers’ compensation benefits pursuant to LSA-R.S. 23:1208. In accordance with this decision, the workers’ compensation judge rendered judgment dismissing plaintiffs claim for workers’ compensation benefits with prejudice.
FACTUAL BACKGROUND
Plaintiff began working for defendant, Industrial Enterprises, Inc., on January 26, 1999,[2] as a handyman. On June 9, plaintiff allegedly injured his lower back and right hip and leg when he lifted a length of pipe. Plaintiff reported the accident the next morning to Pat Wheat, defendant’s employee in charge of human resources. Ms. Wheat sent plaintiff to the Healthsouth Medical Clinic (Healthsouth) for treatment. On June 10, Dr. Jonathan Roundtree at Healthsouth diagnosed plaintiff with right hip strain and released him to return to light duty. Plaintiff returned to work on June 11, but left after working about half of the day because of continued complaints of pain. After June 11, plaintiff never returned to work with defendant.
Plaintiff was treated at Healthsouth on a couple more occasions before seeking treatment from Dr. Richie R. Roth and Dr. Thomas Plantz, chiropractors at the Family Chiropractic Clinic. Drs. Roth and Plantz certified that plaintiff was disabled *321 from June 28 through July 28. Plaintiff continued to seek treatment at the Family Chiropractic Clinic through August 5.
Beginning in mid-June, plaintiff sought treatment at the Earl K. Long Medical Center emergency room and walk-in clinic. On June 19, Dr. W. Phillip Mitchell examined plaintiff in the emergency room for complaints of buttock pain. Dr. Mitchell listed “[h]erniated Lumbar L4-L5 Disc” as the final diagnosis on the June 19 medical record. Subsequent visits by plaintiff to the emergency room and walk-in clinic with complaints of back pain and chronic right hip and leg pain resulted in diagnoses of lumbar disk disease. In August, a MRI was performed on plaintiff, which confirmed that | ¿plaintiff suffered from a herniated disk at the L4-5 level. In November 1999, plaintiffs attorney referred him to see Dr. Jack F. Loupe, an orthopedic surgeon. Dr. Loupe diagnosed plaintiff with a herniated disk at the L4-5 level. Based on plaintiffs assertion that he did not have any prior problems with his lower back, Dr. Loupe opined that plaintiff sustained a disabling back injury on June 9.
PROCEDURAL HISTORY
On July 15, 1999, plaintiff filed a disputed claim for compensation, alleging injury to his lower back and right leg.[3] Defendant filed an answer denying 1) that either an accident or injury occurred in the course and scope of plaintiffs employment, 2) that plaintiff sustained a work-related disability, and 3) that plaintiff was entitled to workers’ compensation benefits. After a trial, the workers’ compensation judge decided that while an on-the-job injury-exacerbated a pre-existing injury to his lower back and right hip and leg, plaintiffs failure to disclose the existence of preexisting back and right leg and hip conditions to defendant required the dismissal of his claim. A judgment was signed dismissing plaintiffs claim with prejudice at his costs. Plaintiff appeals, asserting that the trial court was manifestly erroneous 1) in ordering a forfeiture of benefits and 2) in not awarding workers’ compensation benefits, penalties and attorney fees.
FORFEITURE OF BENEFITS
Louisiana Revised Statute 23:1208 provides in pertinent part as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
This section was intended to prevent and discourage fraud in relation to workers’ compensation claims. Section 1208 clearly applies to any willful false statements or representations made “for the purpose of obtaining or defeating any benefit or Inpayment.” Resweber v. Haroil Construction Company, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12. Such false representations, made to anyone, including the employer, physicians or insurers, result in forfeiture of those workers’ compensation benefits when the representations are made willfully or deliberately for the purpose of obtaining benefits. Resweber, 660 *322 So.2d at 9; Varnado v. Winn-Dixie Louisiana, Inc., 98-0301, p. 9 (La.App. 1st Cir.9/25/98), 720 So.2d 66, 70. Thus, the only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber, 660 So.2d at 12.
A workers’ compensation judge’s determination that the requirements of Section 1208 were met may not be set aside unless the determination is clearly wrong or manifestly erroneous in light of the record reviewed in its entirety. See Martin v. Olsten Industrial Services, 98-0463, p. 3 (La.9/18/98), 718 So.2d 404, 406; Cole v. Drainage District No. 9 of Parish of Jefferson, 99-1411, p. 3 (La.App. 5th Cir.4/25/00), 760 So.2d 529, 531.
It is clear from the record that up to and through the hearing, plaintiff routinely denied any prior back problems or right leg and hip problems prior to the alleged June 9 accident. During his treatment at the Family Chiropractic Clinic, plaintiff completed and signed a patient information form on June 23 in which he denied receiving treatment “by a physician for any health condition in the last year.” He also faded to mark “backaches” as being “relevant to his medical history” on the patient information form. However, on an “Accidental Injury Report” provided by the Family Chiropractic Clinic, plaintiff marked that he had had “similar accidents or injuries before,” but did not elaborate on the prior injuries or accidents. Yet, the only medical history given to Drs. Roth and Plantz was a past history of heart murmurs and a motor vehicle accident in the 1980’s that had “resolved.”
In September 1999, plaintiff answered interrogatories propounded by defendant wherein he denied any “pre-existing disability or disease prior to this accident.” Plaintiff also stated that he “had no other accidental injuries, diseases, disabilities, physical defects, or abnormalities of any nature.” In the medical history given to Dr. Loupe, | ¡¡plaintiff also denied any previous back problems or disabilities, although he stated that he was treated at Earl K Long for left leg problems. At the hearing, plaintiff consistently denied any back or right hip or leg pain or problems before the June 9 accident.
Contrary to the assertions made by plaintiff to his treating physicians, in his answers to interrogatories and at the hearing, the Earl K. Long medical records pertaining to plaintiff revealed that plaintiff was treated for right leg and hip pain and lower back pain on March 29, 1999, and that diagnostic testing performed in April 1999 revealed a herniated disk at the L4-5 level. When confronted at trial with these records, plaintiff contended that the information in the records was incorrect and that either the dates were confused or that the prior complaints were about pain in his left leg and hip.
Using plaintiffs time and attendance records, Ms. Wheat prepared a document setting forth the days of work missed by plaintiff between January 26 and March 29, and between March 29 and June 9. This document revealed that in the two months that plaintiff worked for defendant before March 29, he missed only six days of work, excluding Saturdays. In the two and a half months between March 29 and the alleged June 9 accident, plaintiff missed 24 days, with eight of those days occurring between March 29 and April 13. In fact, plaintiff missed work during the entire week of March 29 through April 2. He called Ms. Wheat on April 2 to tell her he was going to the doctor and would not be at work. He called again on April 13 to report that he was sick, but would return *323 to work on April 14. Otherwise, plaintiff provided no explanation for the missed days of work.
Based on this testimony and documentary evidence, the workers’ compensation judge concluded that plaintiff had lied about having a pre-existing problem with his right hip and leg and lower back and that this lie was told because plaintiff believed that revealing these pre-existing problems would affect his entitlement to workers’ compensation benefits. Accordingly, the workers’ compensation judge found that pursuant to Section 1208, plaintiff forfeited his right to receive workers’ compensation benefits.
In the present case, the evidence supports a finding that plaintiff willfully made false representations regarding prior injuries for the purpose of obtaining workers’ | ficompensation benefits. See Cole, 760 So.2d at 531 (affirming forfeiture of benefits where claimant denied prior back injuries in pre-hearing depositions but medical evidence showed claimant suffered from pre-existing back conditions at time of alleged on-the-job injury); Varnado, 720 So.2d at 71 (affirming forfeiture of benefits where claimant misrepresented past physical condition to doctors treating claimant for alleged current injury and made false statements during hearing testimony regarding past lower back pain complaints and treatment); and Bass v. Allen Cannery Company, Inc., 30,635, pp. 13-14 (La.App. 2nd Cir.6/26/98), 715 So.2d 142, 148-49, writ denied, 98-2069 (La.11/6/98), 728 So.2d 395 (finding on appeal that benefits were forfeited where plaintiff made false representations and statements in pre-hearing deposition that dealt directly with the exact physical complaints plaintiff sought to attribute to the alleged on-the-job injury).
Plaintiff was treated for complaints of lower back pain and right leg and right hip pain and diagnosed with a herniated disk at the L4-5 level only two months before the alleged on-the-job injury. Yet, plaintiff failed to relate these prior complaints to any of the doctors who treated him for his June 9 injury, and he specifically denied suffering from any prior back problems or right hip or leg pain in response to inquires by these treating doctors. We further note that Dr. Loupe’s opinion that plaintiff was disabled was based on plaintiffs assertion that he had no prior problems with his lower back.
Moreover, plaintiff emphatically denied suffering from lower back pain and right leg and hip pain prior to the June 9 accident, even when presented with the medical records from Earl K. Long that reflected treatment for these prior conditions in March and April 1999. Instead, plaintiff contended that the information in the medical records was incorrect. We are not persuaded by plaintiffs assertion that the Earl K. Long medical records from March 29 are incorrect regarding whether plaintiff complained of pain in his left or right leg and hip. Were we to assume that the prior complaints were of left hip and leg pain, as opposed to right hip and leg pain, the fact remains that plaintiff failed to acknowledge any prior pain in either leg or hip. Also, defendant’s records of plaintiffs time and attendance support the fact that plaintiff was treated for an injury in late March and early April because the time records reflect that plaintiff missed |7numerous days of work without explanation between March 29 and June 9, including the entire work-week beginning March 29.
Finally, we note that plaintiffs false statements, misrepresentations and denials were not inconsequential or inadvertent. The false statements and denials were about injuries and complaints that were *324 exactly like the injuries he alleged occurred in the June 9 accident.
Thus, based on the record as a whole, we find a reasonable factual basis exists to support the workers’ compensation judge’s conclusions that plaintiff made false statements, that such statements were made willfully, and were made for the purpose of obtaining compensation benefits. As such, we cannot say the workers’ compensation judge’s dismissal of plaintiffs claim based on a forfeiture of benefits under Section 1208 is clearly wrong. Because we find that the dismissal of plaintiffs claim pursuant to Section 1208 was proper, plaintiffs second assignment of error is moot.
CONCLUSION
For the reasons set forth in this opinion, the judgment of the workers’ compensation judge is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED.

. Plaintiff was hired on January 22, but did not start working until January 26.

. The disputed claim form does not reference any injury to plaintiff's right hip. However, plaintiff's testimony at the hearing reveals that plaintiff also contended that his right hip was injured in the accident,